# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ESTATE OF JULIO LABOY, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 18-10844 |
| v. | : | OPINION |
| APEX ASSET MANAGEMENT, LLC, | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's motion for summary judgment. Having considered the parties' submissions, the Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's motion will be denied and Plaintiff will be directed to show cause under Fed. R. Civ. P. 56(f)(1) why summary judgment should not be entered in favor of Defendant.

## Background

Plaintiff Estate of Julio LaBoy alleges that Defendant Apex Asset Management, LLC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(8), in its efforts to collect an outstanding debt from Plaintiff because Defendant allegedly failed to protect Plaintiff's financial privacy with regard to symbols of debt collection activity on envelopes.

Defendant operates as a debt collector within the meaning of 15 U.S.C. § 1692(a)(6). Defendant drafted a collection letter dated February 2, 2018 to collect Plaintiff's outstanding debt related to an invoice from Virtua Health System. The letter was mailed in a glassine-windowed envelope. Plaintiff alleges that a five-digit number and a twenty-three-digit number, the latter containing the Plaintiff's entire account number, were visible through the glassine window of the envelope in which the correspondence was mailed. A second collection letter dated March 6, 2018 and a third dated March 7, 2018 also were mailed in glassine envelopes which each allegedly exposed a five-digit number and a twenty-three-digit number containing the Plaintiff's account number. Defendant argues that the twenty-three-digit number containing Plaintiff's account number could not have been visible through the glassine window of the sealed envelope. Defendant admits that a five-digit number was visible through the glassine window in each case but argues that those numbers have no connection to Plaintiff's account number and provide no personal or confidential identifying information.

## Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving

party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (a). Thus, the Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once

the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322. That is, the movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party cannot produce admissible evidence to support the [alleged dispute of] fact." Fed. R. Civ. P. 56(c)(1)(B); accord Fed. R. Civ. P. 56(c)(2).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the

matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)). The FDCPA is remedial legislation and "must be broadly construed in order to give full effect to these purposes." Douglass v. Convergent Outsourcing, 765 F.3d 299, 302 (quoting Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148 (3d Cir. 2013)).

In enacting the FDCPA, Congress recognized that abusive debt collection practices lead to personal bankruptcies, marital instability, the loss of jobs, and, potentially relevant in this instance, "invasions of individual privacy." Douglass, 765 F.3d at 302 (quoting 15 U.S.C. § 1692(a)). The Third Circuit has stated that a "core concern" of the FDCPA

is "the invasion of privacy" and recognized that privacy interests include an individual's "status as a debtor" and "financial predicament." Id. at 303.

The provision of the FDCPA at issue in this case is Section 1692f, which prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. Id. at 302 (citing 15 U.S.C. § 1692f). The statute lays out a nonexclusive list of conduct that qualifies as unfair or unconscionable. 15 U.S.C. § 1692f. Subparagraph 8, relevant here, prohibits a debt collector from:

> [u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C § 1692f(8). In this case, the only issue is whether Defendant violated Section 1692f(8) of the FDCPA.

"In statutory interpretation, we begin with the text." Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 367 (3d Cir. 2011). "If the statute's plain language is unambiguous and expresses [Congress's] intent with sufficient precision, we need not look further." Allen, 629 F.3d at 367. "But if the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, then we are obligated to construe statutes sensibly and avoid constructions which yield absurd or unjust

results." Douglass, 765 F.3d at 302 (internal quotations omitted). "Where the plain meaning of a statute would lead to an absurd result, we presume 'the legislature intended exceptions to its language [that] would avoid results of this character.'" Id. (quoting Gov't of Virgin Islands v. Berry, 604 F.2d 221, 225 (3d Cir. 1979)).

The United States Court of Appeals for the Third Circuit interpreted and applied Section 1692f(8) in Douglass v. Convergent Outsourcing, 765 F.3d 299 (3d Cir. 2014). In Douglass, the Third Circuit analyzed whether a debtor's account number printed on the outside of an envelope violated Section 1692f(8). Id. at 302. The Circuit determined that it did violate the FDCPA because the account number was "a piece of information capable of identifying [the plaintiff] as a debtor" and "its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address." Id. at 306.

The Court in Douglass noted, "[t]hough several courts, including the Courts of Appeals for the Fifth and Eighth Circuits, have interpreted Section 1692f(8) to permit an exception for certain benign or innocuous markings, they did so in the context of envelope markings that did not have the potential to cause invasions of privacy." Id. at 304. The defendant moved for summary judgment "contending the account number qualified as

'benign language' that [Section] 1692f(8) was not meant to prohibit." Id. The defendant argued that the Court must adopt the benign language exception because the literal interpretation of Section 1692f(8) creates an absurdity that makes sending collection letters impossible—the envelope could not display the name and address of the recipient. Id.

The Third Circuit disagreed with the defendant because the plaintiff's account number was not benign as it was a core piece of information pertaining to the plaintiff's status as a debtor. Id. at 303, 306. Therefore, the Third Circuit declined to decide whether a benign language exception exists under Section 1692f(8) because the disclosure of the plaintiff's account number was not benign. Id. at 306.

However, the Eastern District of Pennsylvania has applied the benign language exception to language and symbols that did not disclose private information. See Anenkova v. Van Ru Credit Corp., 201 F. Supp. 3d 631 (E.D. Pa. 2016) (holding a visible barcode created by and for a third-party mail vendor was benign and did not violate the FDCPA); Waldron v. Prof'l Med. Mgmt., No. CIV. 12-1863, 2013 WL 978933 (E.D. Pa. Mar. 13, 2013) (holding that a visible QR code, used to efficiently process return mail, was benign and did not violate the FDCPA).

## Discussion

As explained above, Congress created the FDCPA to protect consumers from abusive debt collection practices and the invasion of their privacy. Douglass, 765 F.3d at 302. The placement of innocuous symbols or digits on a collection envelope is not an evil Congress intended to prevent. Unlike the visible account number in Douglass, a randomly–generated five-digit number for mailing purposes visible on the envelope does not implicate the privacy concerns embedded in the FDCPA as a matter of law.

Plaintiff and Defendant agree that a five-digit number was visible through the glassine window of the envelope. However, Defendant has submitted an affidavit attesting that its third-party mailing vendor randomly generated the five-digit number for mailing purposes and that the number did not reveal the decedent's personal identifying or confidential information. (Kline Aff., ¶¶ 3, 13, 16, 18.) Plaintiff has failed to present any evidence to the contrary. Rather, Plaintiff argued that the Third Circuit declined to expressly adopt the benign language exception. Without sufficient evidence to demonstrate that the five-digit number implicated the privacy concerns that Congress intended to protect, Plaintiff has failed to state a claim upon which relief is granted under the FDCPA. The five-digit number falls under the benign language exception and did not violate

Section 1692f(8) of the FDCPA. Therefore, Plaintiff's motion for summary judgment will be denied as to the five-digit visible number.

Regarding the twenty-three-digit number containing Plaintiff's account number and located on the bottom left of the letter, Defendant has submitted an Affidavit that attests the number could not have been visible through the glassine window of the sealed envelope. (Kline Aff., ¶¶ 6-12.) Indeed, Defendant's owner and corporate representative submitted a detailed description and example of how Defendant's mail vendor folds and inserts each collection letter into envelopes. He indicated that it would be physically impossible to see the twenty–three–digit number through the glassine window unless the letter shifted up by 7/16 inch but there was only 3/16 inch of space within the envelope for the letter to move. Therefore, the only way the twenty-three-digit number could be seen through the glassine window would be by manipulating and pulling the letter outside the four corners of the envelope. (Id.) Additionally, Defendant provided over twenty copies of its previously mailed debt collection letters that do not reveal account numbers to one looking at the envelope.

The Court finds that Defendant provided ample evidence of its typical mailing practices and procedures to demonstrate to a reasonable fact finder that the account number was not visible. This suffices to defeat Plaintiff's

summary judgment motion concerning the twenty-three-digit number. Therefore, Plaintiff's motion for summary judgment will be denied.

Upon review of the instant motion papers, it appears that Plaintiff will be unable to prove that the twenty-three-digit account number was visible through the glassine window, such that Defendant Apex Asset Management may be entitled to judgment in its favor. Plaintiff's failure to provide any evidence to support that the five-digit number implicated privacy concerns and that the twenty-three-digit number was visible through the glassine window of the envelope leads this Court to consider Fed. R. Civ. P. 56(f)(1), which provides: "[a]fter giving notice and a reasonable time to respond, the court may: grant summary judgment for the nonmovant." The Court therefore gives notice to Plaintiff Estate of Julio LaBoy that it is contemplating entering summary judgment in favor of the nonmovant Defendant Apex Asset Management. Plaintiff will have fourteen (14) days from the date the accompanying Order is entered to file any opposition,[1] and Defendant will have seven (7) days thereafter to reply.

---

[1] Alternatively, if Plaintiff chooses to dismiss its case, it should submit a stipulation of dismissal and need not file opposition.

## Conclusion

For these reasons, the Court will deny Plaintiff's motion for summary judgment. Plaintiff will have fourteen (14) days to show cause why summary judgment should not be entered in favor of Defendant, Apex Asset Management, pursuant to Fed. R. Civ. P. 56(f)(1), no cause for action, as contemplated above.

An accompanying Order will be entered.


March 29, 2018                           /s/ Joseph H. Rodriguez
                                              JOSEPH H. RODRIGUEZ
                                                  U.S.D.J.